UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MENDY MCKINNIS,

    Plaintiff,

vs.

AERO FULFILLMENT,

    Defendant.

Case No. 1:15-cv-129

Judge Dlott
Magistrate Judge Bowman

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and the parties responsive memoranda. Upon careful review, the undersigned finds that Defendants motion should be granted, in part.

**I. Background and Facts**

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and received her notice of right to sue letter on November 25, 2014. (Doc. 5, at 1-2). Thereafter, on February 23, 2015, Plaintiff filed a *pro se* Complaint alleging a claim under 42 U.S.C. § 2000e-5(f)(1). (Doc. 5). Plaintiff alleges that she had and still has a disability. *Id.* at 2. She asserts that she informed the Defendant of the disability and asked for accommodations, which were granted. *Id.* According to Plaintiff, after receiving accommodations, Jean Mulloney, Plaintiff's supervisor, began harassing the Plaintiff about time off and about working from home. *Id.* Mulloney also made inappropriate comments about Plaintiff's disabilities. *Id.* Plaintiff then complained about Mulloney's actions to the president of the company. *Id.* The company terminated

Plaintiff on November 12, 2014 for insubordination.  *Id*. Plaintiff believes she was fired in retaliation for complaining about Mulloney's conduct and in response to her disability. *Id*.

Defendant Aero Fulfillment now seeks to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.  Specifically, Defendant contends that the conclusory and disjointed allegations in the Complaint are substantively insufficient and do not meet the minimum pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009).  Defendant further contends that the Complaint seeks statutory relief not available to Plaintiff based on alleged disability discrimination, namely, Title VII, U.S.C. § 2000e-5(f)(1) does not provide a cause of action for disability discrimination and retaliation. (Doc. 13 at 1-2).

In response to Defendant's motion to dismiss, Plaintiff raised several new factual claims. Notably, Plaintiff alleges that she informed Defendant of her disability, i.e., interstitial cystitis, her issues driving, and number of doctor appointments when Defendant hired her in October 2012 as a software developer. (Doc. 12). Plaintiff contends that she was a good employee so this never became an issue. Defendant allowed Plaintiff to work from home, similar to another employee. *Id*. In February 2013, Defendant moved Plaintiff to a different location, which was more than an hour away from her residence. *Id*. Plaintiff informed Defendant that she may need new accommodations because of the difficulty she experience as a result of her illness. (*Id*). She presented the Defendant with Job Accommodation Network ("JAN") and ADA information about her disability. *Id*. Defendant, at one point, asked Plaintiff's previous supervisor why he kept Plaintiff on the job with her medical issues. *Id*. Defendant,

nonetheless, made accommodations on behalf of Plaintiff. *Id.* Plaintiff then began working with a new supervisor, Jean Mulloney. *Id.* Mulloney humiliated Plaintiff by instructing her to work on a platform instead of from home. *Id.* Mulloney demoted Plaintiff in her work duties, gave her low level work, and denied her training that was given to those hired after her. *Id.* Plaintiff made Mulloney aware that she felt emotionally harassed. *Id.* Plaintiff then reported this harassment to the operations manager, and the president. The Defendant then informed Plaintiff that it had accepted her resignation. *Id.*

## II. Analysis

### A. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. See *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted);

3

*Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

### B. Dismissal is not warranted at the time

Defendant argues that Title VII does not provide Plaintiff with a viable claim because Title VII, U.S.C. § 2000e-5(f)(1) does not provide a cause of action for disability discrimination and retaliation. (Doc. 13, at 1-2). Defendant also argues that even if this Court were to allow the claims to proceed as though they were brought under the Americans with Disabilities Act ("ADA")[1], Plaintiff's allegations in her claim would still be insufficient to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (*Id.* at 2). Lastly, Defendant argues that Plaintiff raises new factual allegations in her response to Defendant's motion to dismiss and such allegations should not be considered because they were not part of the initial pleadings and that even if those additional allegations in the opposition were considered, it would not plausibly suggest disability discrimination. (*Id.* at 2-4). Defendant's assertions are well taken as to the Title VII claims. However, Defendant's assertions as to Plaintiff's ADA claim are not well-taken.

When a plaintiff proceeds pro se, the court will "hold [the complaint] to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404

---

[1] The ADA prevents entities from discriminating against disabled individuals in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1104-05 (6th Cir. 2008).

U.S. 519, 520 (1972). The court will consider documents filed after the complaint "as part of the pleadings." *Flournoy v. Seiter*, No. 98–3535, 1987 WL 24129 (6th Cir. Dec. 7, 1987) (unpublished). However, a court cannot "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 Fed.Appx. 608, 615 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir.1975)).

In order to state a claim upon which relief can be granted, Ms. McKinnis' complaint must contain allegations that address "all the material elements to sustain a recovery under some viable legal theory." *Lewis v. ACB Bus. Services, Inc.*, 135 F.3d 389, 406 (6th Cir.1998). In the context of a claim under the ADA, a plaintiff must allege facts demonstrating facial plausibility of the following elements: "(1) that she or he is an individual with a disability, (2) who was otherwise qualified to perform a job's requirements, with or without reasonable accommodation; and (3) who was discriminated against solely because of the disability. The third element requires that the plaintiff suffer an adverse employment action." *Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir. 2008) (internal quotation marks omitted) (citations omitted).

Here, Plaintiff's allegations in the complaint, along with her allegations in her opposition memoranda, state a facially plausible claim for a violation under the ADA. Taking, as is required, Plaintiff's pleadings as true, her allegations state a claim as to each of the three elements of a cause of action under the ADA. *See Talley v. Fam. Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1105 (6th Cir.2008).

The Court recognizes that new factual allegations raised in an opposition

5

memorandum generally should not be considered because they were not part of the initial complaint.  However, given that the *pro se* plaintiff has alleged factually coherent claims, the Court will not dismiss the complaint at this time, and instead, will give plaintiff the opportunity to amend her complaint to include a claim under the ADA as well as supporting factual allegations.  *Nash v. Georgetown Police Dep't*, No. 1:13-CV-741-HJW, 2014 WL 794761, at *1 (S.D. Ohio Feb. 27, 2014) (citing Fed.R.Civ.P. 15(a)(2)).  *See also Brown v. Matauszak,* 415 Fed.Appx. 608, 615 (6th Cir.2011) (Sixth Circuit has recognized that "at least three circuits have held that if a complaint is vulnerable to a motion to dismiss, a district court must first permit the plaintiff to file a curative amendment, *even if* the plaintiff does *not* seek leave to amend.").

### III. Conclusion

For these reasons, **IT IS THEREFORE RECOMMENDED THAT** Defendant's motion to dismiss (Doc. 9) is **GRANTED in part.**  To the extent that Plaintiff has raised claims under Title VII, such claims should be **DISMISSED.**  However, Defendant's motion to dismiss Plaintiff's claims under the ADA should be **DENIED,** and Plaintiff should be permitted to file an Amended Complaint as to her ADA claims including supporting factual allegations.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MENDY MCKINNIS,

    Plaintiff,

vs.

AERO FULFILLMENT,

    Defendant.

Case No. 1:15-cv-129

Judge Dlott
Magistrate Judge Bowman

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7